IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

APRIL LATIMORE                    *

Plaintiff,                        *

v.                                *        Civil Action No. RDB-17-1065

HARBORVIEW COMMUNITY REALTY       *
FRANK WISE
HOWARD CASTLEMAN                  *

Defendants.                       *
                              *****

## MEMORANDUM OPINION

On April 20, 2017, April Latimore, who resides in Clinton, Maryland, filed a fee-paid self-represented complaint.[1] Ms. Latimore claims that although she submitted a "negotiable instrument" in the amount of $3,000,000.00 to purchase property, furniture, and other real estate, Defendants failed to honor the contract. She asks that the deed be transferred to her.[2] ECF No. 1, pp. 5-7. ECF No. 1-1.

A Court may consider subject matter jurisdiction as part of its initial review of the complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that

---

[1] On September 1, 2017, Ms. Latimore filed four separate fee-paid complaints. *See Latimore v. M & T Bank, et al.*, Civil Action No. GLR-16-3048 (D. Md.); *Latimore, et al. v. Jacguar Land Rover Hunt Valley, et al.*, Civil Action No. GLR-16-3049 (D. Md.); and *Latimore v. Harborview Community Realty, et al.*, Civil Action No. GLR-16-3050 (D. Md.); and *Latimore, et al. v. Telecheck First Data, et al.*, Civil Action No. GLR-16-3046 (D. Md.). All cases were summarily dismissed. The negotiable instruments submitted by Ms. Latimore in those cases were later rejected by the Over the Counter Channel ("OTCnet") web application that lets federal agencies manage and report all check and cash deposits.

[2] The Complaint represents one of two cases filed by Latimore on April 20, 2017. *See also Latimore v. Moyihan*, Civil Action No. GJH-17-1099 (D. Md.). In both cases the negotiable instruments filed by Ms. Latimore were rejected by the OTCnet.

"[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

2

Plaintiffs' claims appear grounded in state contract law. A federal district court does not sit to review every claim related to alleged fraudulent or tortious conduct involving non-federal parties. Instead, it only has authority to review such state-law claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties reside in different states and the amount in controversy exceeds $75,000. When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). ). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Plaintiffs and the three Defendants reside in Maryland. Therefore, the Complaint shall be dismissed for lack of subject matter jurisdiction, as it does not satisfy diversity of citizenship requirements. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: April 26, 2017

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

3